UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LEONARD AZEVEDO,<br><br>Petitioner,<br><br>v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No. 2:17-cv-1171-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS[1] |

Petitioner is a county inmate proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] This is his third such challenge to his November 23, 2016 conviction in the Colusa County Superior Court. *See Azevedo v. People of the State of California*, Case No. 2:17-cv-0115-GGH (E.D. Cal.); *Azevedo v. Colusa County*, Case No. 2:17-cv-0117-KJN (E.D. Cal.).[3] Like the prior actions, this action must be dismissed.

---

[1] Petitioner did not respond to the court's order directing him to complete and return the form indicating either his consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge.

[2] He also seeks leave to proceed in forma pauperis. ECF No. 5. That request will be granted.

[3] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

According to the petition, petitioner's direct appeal is "still going." ECF No. 1 at 2.[4] Review of the California Courts Appellate Courts Case Information website confirms that petitioner is pursuing two appeals that remain pending in the Third Appellate District, Case Nos. C083685, C083727. Because petitioner's criminal appeal remains pending, this court must abstain from addressing the instant petition. As a matter of comity, federal courts may not enjoin pending state criminal proceedings where there is an adequate opportunity to raise the federal question at issue, except under extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 49, 53 (1971); *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). *Younger* abstention prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate opportunity to raise the federal question at issue in the state proceedings. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). "When a case falls within the proscription of *Younger*, a district court must dismiss the federal action." *Fresh Int'l Corp. v. Agricultural Labor Relations Bd.*, 805 F.2d 1353, 1356 (9th Cir. 1986).

In *Azevedo v. Colusa County*, Case No. 2:17-cv-0117-KJN (E.D. Cal.), the court dismissed the petition as barred by the *Younger* abstention doctrine, explaining as follows:

> Criminal proceedings, by their very nature, involve important state interests. Petitioner has an adequate opportunity to raise the constitutional issues underlying his conviction in either his habeas case or his direct appeal. Irreparable injury does not exist in such situations if the threat to petitioner's federally protected rights may be eliminated by his appeal of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" *Younger*, 401 U.S. at 46 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243-44 (1926)). Petitioner has failed to demonstrate extraordinary circumstances; therefore this petition is barred by the *Younger* abstention doctrine.

*Azevedo*, No. 2:17-cv-0117-KJN, ECF No. 6 at 3. Because petitioner's direct criminal appeal remains pending, and there is no showing of any extraordinary circumstances, this action must also be dismissed as barred by the *Younger* abstention doctrine.

---

[4] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 5) is granted;
2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: July 11, 2017.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE